**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| SALT LIFE, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SALT LIFE TRANSPORTATION, LLC,<br><br>    Defendant. | **CASE NO. 2:20-cv-00590**<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED**<br>**(INJUNCTIVE RELIEF REQUESTED)** |

Plaintiff Salt Life, LLC (hereinafter "Salt Life"), by and through its attorneys, respectfully alleges the following against Defendant Salt Life Transportation, LLC:

**THE PARTIES**

1. Salt Life, LLC is a limited liability company formed and existing under the laws of Georgia with its headquarters located at 24 12th Street, Columbus, Georgia 31901.

2. Salt Life Transportation, LLC is a limited liability company formed under the laws of Florida with, upon information and belief, a principal place of business at 7 Derhenson Drive, Naples, Florida 34114.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Trademark Laws of the United States (15 U.S.C. § 1051, *et seq*.); Section 14 of the Lanham Act (15 U.S.C. § 1064); and Section 37 of the Lanham Act (15 U.S.C. § 1119). This Court has supplemental jurisdiction over the remaining claims in this action pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant because it is incorporated

in the State of Florida and maintains its principal place of business in Florida and within this district.

5.    Upon information and belief, Defendant intentionally and purposefully markets its products or services such that the same will be sold and are sold in the State of Florida and in commerce. Such actions have resulted in Defendant's infringing products or services being offered for sale and being sold in Florida. Upon information and belief, such actions have resulted in sales of Defendant's products or services in this district, which are or have been sold under and/or include the terms SALT LIFE and/or SALT LIFE TRANSPORTATION.

6.    Upon information and belief, the website www.saltlifetransportation.com, the Facebook account "@saltlifetransportation" and the Instagram account "@salt_life_transportation" is owned, operated and/or controlled by Defendant. Upon information and belief, Defendant's products or services, which are sold under and/or that include the designations "SALT LIFE" and/or "SALT LIFE TRANSPORTATION" are offered for sale, promoted and sold on or through Defendant's website and social media accounts. Upon information and belief, Defendant uses the website and social media accounts to regularly and systematically offer for sale and/or sell its products or services within the State of Florida.

7.    Upon information and belief, pursuant to the U.S. Constitution and Fla. Stat. Ann. § 48.193, this Court has personal jurisdiction over Defendant because it is incorporated in the State of Florida, maintains a principal place of business in Florida and has transacted business within the State of Florida, by actions which include offering to sell and/or selling products or services directly or through intermediaries in Florida, which are sold under and/or include the infringing designation "SALT LIFE" and/or the infringing designation "SALT LIFE TRANSPORTATION."

2

## ASSERTED TRADEMARKS

8.      Salt Life or its predecessors have continuously used, advertised, and promoted the mark SALT LIFE in connection with various products, including those related to the field of clothing and apparel, and in connection with other products and services since at least as early as October 2003.

9.      Salt Life is the owner of all rights, title, and interest in trademarks that include the formative words SALT LIFE and owns numerous U.S. Trademark Registrations for the mark SALT LIFE or marks containing the formative words SALT LIFE.

10.      Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,385,581 for the stylized trademark  for use with sunglasses, eyewear, cords and cases for sunglasses and eyeglasses, smartphone cases, and cell phone cases, as shown in Exhibit 1, which is incorporated herein in its entirety.

11.      Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 3,763,170 for the stylized trademark  for use with jewelry, as shown in Exhibit 2, which is incorporated herein in its entirety.

12.      Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 3,762,960 for the stylized trademark  for use with stickers, caps, shirts, and surf wear, as shown in Exhibit 3, which is incorporated herein in its entirety.

13.      Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,381,321 for the stylized trademark  for use with all-

purpose carrying bags, backpacks, beach bags, duffel bags, beach umbrellas, dog collars, dog leashes, umbrellas, luggage, and luggage tags, as shown in Exhibit 4, which is incorporated herein in its entirety.

14.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,381,322 for the stylized trademark for use with beach chairs, as shown in Exhibit 5, which is incorporated herein in its entirety.

15.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,385,571 for the stylized trademark for use with drinking glasses, insulating sleeve holders for beverage cans and bottles, portable coolers, pet feeding and drinking bowls, and sports bottles sold empty, as shown in Exhibit 6, which is incorporated herein in its entirety.

16.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,381,323 for the stylized trademark for use with banners and flags of textile, beach towels, and towels, as shown in Exhibit 7, which is incorporated herein in its entirety.

17.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 3,808,444 for the stylized service mark for use with restaurant and bar services, as shown in Exhibit 8, which is incorporated herein in its entirety.

18.    Salt Life is the owner of all rights, title, and interest in the common law trademark SALT LIFE and the common law stylized service mark for use with online

4

retail store services and retail store services featuring, *inter alia*, clothing, decals, sports, and outdoor living related merchandise.

19.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,338,972 for the trademark SALT LIFE for use with drinking glasses, and entertainment in the nature of surfing tournaments, as shown in Exhibit 9, which is incorporated herein in its entirety.

20.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,384,344 for the trademark SALT LIFE for use with metal key rings, as shown in Exhibit 10, which is incorporated herein in its entirety.

21.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,302,914 for the trademark SALT LIFE for use with sunglasses, eyewear, cords and cases for sunglasses and eyeglasses, as shown in Exhibit 11, which is incorporated herein in its entirety.

22.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 3,843,123 for the trademark SALT LIFE for use with jewelry and restaurant and bar services, as shown in Exhibit 12, which is incorporated herein in its entirety.

23.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 3,001,343 for the trademark SALT LIFE for use with stickers, as shown in Exhibit 13, which is incorporated herein in its entirety.

24.    Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,172,126 for the trademark SALT LIFE for use with all-purpose carrying bags, backpacks, and beach bags, as shown in Exhibit 14, which is incorporated herein in its entirety.

25.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,365,102 for the trademark SALT LIFE for use with luggage, as shown in Exhibit 15, which is incorporated herein in its entirety.

26.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,301,817 for the trademark SALT LIFE for use with beach chairs, as shown in Exhibit 16, which is incorporated herein in its entirety.

27.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,246,525 for the trademark SALT LIFE for use with insulating sleeve holders for beverage cans and bottles, as shown in Exhibit 17, which is incorporated herein in its entirety.

28.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,301,818 for the trademark SALT LIFE for use with banners and flags of textile, beach towels, and towels, as shown in Exhibit 18, which is incorporated herein in its entirety.

29.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 2,959,429 for the trademark SALT LIFE for use with clothing and apparel, namely, caps, shirts, T-shirts, bathing suits, Bermuda shorts, walking shorts, swim trunks, caps with visors, visors, fleece pullovers, sweat shirts, and surf wear, as shown in Exhibit 19, which is incorporated herein in its entirety.

30.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,324,994 for the trademark SALT LIFE for use with clothing and apparel, namely, jackets, and pants, as shown in Exhibit 20, which is incorporated herein in its entirety.

31.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 4,336,373 for the trademark SALT LIFE for use with beach umbrellas, dog collars, dog leashes, duffel bags, umbrellas, and luggage tags, as shown in Exhibit 21, which is incorporated herein in its entirety.

32.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,301,899 for the stylized trademark  for use with decals, as shown in Exhibit 22, which is incorporated herein in its entirety.

33.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,335,287 for the stylized trademark  for use with women's clothing, namely, caps, shirts, T-shirts, and sweat shirts, as shown in Exhibit 23, which is incorporated herein in its entirety.

34.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,342,555 for the stylized trademark  for use with decals, as shown in Exhibit 24, which is incorporated herein in its entirety.

35.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 5,795,593 for the trademark SALT LIFE for use with beer, as shown in Exhibit 25, which is incorporated herein in its entirety

36.     Salt Life is the owner of all rights, title, and interest in numerous U.S. Trademark Registrations for the mark LIVE THE SALT LIFE, including U.S. Trademark Registration Numbers 4,852,462; 4,905,379; 4,905,378; 4,905,376; 4,902,144; and 4,895,967 which are incorporated herein by reference in their entirety.

37.     Salt Life is the owner of all rights, title, and interest in numerous U.S. Trademark Registration Numbers 4,098,720; and 3,840,755 for the mark SALT LIFE FOOD SHACK which are incorporated herein by reference in their entirety.

38.     The preceding trademarks and service marks , SALT LIFE, ![Salt Life], ![Salt Life skull], LIVE THE SALT LIFE and SALT LIFE FOOD SHACK are hereinafter referred to collectively as the "Asserted Trademarks" and/or the "Asserted SALT LIFE Trademarks."

39.     In addition to the trademark rights conferred by the Federal Trademark Registrations identified herein, Plaintiff has common law trademark rights in each of the Asserted SALT LIFE Trademarks as a result of Plaintiff's use of these marks on goods and services identified hereinabove in commerce, including within and throughout the State of Florida, at least as early as the dates of first use alleged in the aforementioned trademark registrations. The term "Asserted SALT LIFE Trademarks" as used herein is intended to include such common law trademarks.

40.     The Asserted Trademarks identify quality goods and services, are recognized by the consuming public, and generate significant goodwill that inures to Salt Life.

41.     The registrations referenced above are valid and subsisting, in full force and effect, and constitute *prima facie* and conclusive evidence of Salt Life's exclusive right to use the Asserted SALT LIFE Trademarks in commerce in connection with the goods specified in the registrations.

42.     Prior to filing this lawsuit, Salt Life made Defendant aware of its rights and

requested that Defendant cease its infringement and dilution, but Defendant has refused.

### FIRST CAUSE OF ACTION:  FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT – ASSERTED SALT LIFE TRADEMARKS (15 U.S.C. § 1114)

43.     Salt Life is the owner of the Asserted SALT LIFE Trademarks identified hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-42 as if repeated here verbatim.

44.     Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant's infringing designations "SALT LIFE" and "SALT LIFE TRANSPORTATION" as used in conjunction with various products and services, including goods or services that are confusingly similar to Salt Life's goods and services upon which or with which the Asserted SALT LIFE Trademarks have been used.

45.     Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have acquired distinctiveness through the long, continuous, and substantially exclusive use of the Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE Trademarks with a single source, namely Salt Life.

46.     Salt Life and its predecessors have generated significant revenue through the sale of products bearing the Asserted SALT LIFE Trademarks to consumers throughout the United States.

47.     Salt Life and its predecessors have made substantial investment in advertising, marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE Trademarks.  Salt Life and its predecessors have extensively used, advertised, promoted, and offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through various channels of trade in commerce, including retail stores and online, such as through the

internet (www.saltlife.com) and social media.  Accordingly, Salt Life's customers and the public in general have come to know and recognize the Asserted SALT LIFE Trademarks and to associate the same with Salt Life and/or the goods or services sold by Salt Life.

48.    Salt Life and its predecessors have sold and offered for sale goods, including clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical scope encompassing all of Florida and throughout the United States.

49.    Salt Life's products are sold by or through more than 400 retailers in the State of Florida and in, at least, four (4) branded retail stores located in Florida.  Additionally, three restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD SHACK.

50.    The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and consumer recognition that Salt Life has established through substantial expenditures of time, effort and other resources in the advertising and promotion of the goods Salt Life sells and offers for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted SALT LIFE Trademarks.

51.    Defendant has used, advertised and promoted and/or continues to use, advertise, and promote goods or services, namely transportation services, clothing and accessories including hats, beach chairs and can coolers, and food delivery, under the names or designations "SALT LIFE" and "SALT LIFE TRANSPORTATION."

52.    Defendant has promoted and advertised its goods and services in channels of trade that are similar or identical to the channels of trade in which Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant utilizes the website www.saltlifetransportation.com, the Facebook account "@saltlifetransportation" and the Instagram account

"@salt_life_transportation" to promote, sell and offer for sale Defendant's products or services.

53.     The formative words utilized with Defendant's business (including clothing and accessories identified by Defendant as "Salt Life Gear" and food delivery identified by Defendant as "Salt Life Eats"), website, and social media include the following:







**Salt Life Transportation**
May 3 · ⊙

Anybody that still wants Salt Life Gear, we have this gear left. Just pm me!







APPROXIMATION ONLY

**Salt Life Transportation**
May 3 · Edited · ⊙

Salt Life extra stretch 1 inch steel frame Beach chair $45



54.     Defendant's depiction of "SALT LIFE" (including in reference to "Salt Life Gear" and "Salt Life Eats") and "SALT LIFE TRANSPORTATION" is likely to cause confusion or mistake among consumers as to the source or origin of the goods and services.

55.     Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION"

in connection with goods and services associated with the Asserted SALT LIFE Trademarks is likely to cause confusion or mistake among consumers as to an affiliation between Defendant and/or its products or services and Salt Life's goods and services.

56.     Defendant's "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations are confusingly similar in sound, appearance, connotation, and overall commercial impression to the Asserted SALT LIFE Trademarks.  Indeed, Defendant has and continues to refer to itself as merely "Salt Life" and has utilized Plaintiff's trademark on its social media pages, website and advertising to capitalize on the goodwill that exists in the Plaintiff's Asserted Trademarks.





57.     Defendant prominently displays and emphasizes Plaintiff's trademark and the words "SALT LIFE" in or on Defendant's advertising, websites, products and vehicles in such a manner that the same imitate or resemble configurations and product appearances that were used or released into the marketplace by Salt Life prior to any such use by Defendant.  For instance, a side-by-side comparison of examples of the Defendant's infringing use of "SALT LIFE" and use of the "SALT LIFE TRANSPORTATION" designation and some of the Asserted SALT LIFE Trademarks as used in commerce are provided below:

| SALT LIFE® Trademarks and/or Products | Defendant's Infringing Use |
|---|---|



Figure 1A

Figure 1B

Figure 2A

Figure 2B



Figure 3A

Figure 3B

58.    Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION," constitutes infringement of one or more of the Asserted SALT LIFE Trademarks in violation of 15 U.S.C. § 1114 and the common law.

59.    Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION," has been intentional and with knowledge of the Asserted SALT LIFE Trademarks.

60.    Salt Life has been damaged as a direct and proximate result of Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION," including in connection with goods and services associated with the Asserted SALT LIFE Trademarks.

61.    Salt Life will continue to be damaged as a direct and proximate result of Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION" unless and until Defendant is enjoined from further depiction of "SALT LIFE" and "SALT LIFE

TRANSPORTATION," including but not limited to, in connection with goods and services associated with the Asserted SALT LIFE Trademarks.

## SECOND CAUSE OF ACTION: FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

62.    Salt Life is the owner of the Asserted SALT LIFE Trademarks identified hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-42 as if repeated here verbatim.

63.    Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant's designations "SALT LIFE" and "SALT LIFE TRANSPORTATION" as used in conjunction with various products and/or services, including goods or services that are confusingly similar to Salt Life's goods and services upon which or with which the Asserted SALT LIFE Trademarks have been used.

64.    Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have acquired distinctiveness through the long, continuous, and substantially exclusive use of the Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE Trademarks with a single source, namely Salt Life.

65.    Salt Life and its predecessors have generated significant revenue through the sale of products bearing the Asserted SALT LIFE Trademarks to consumers throughout the United States.

66.    Salt Life and its predecessors have made substantial investment in advertising, marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE Trademarks.  Salt Life and its predecessors have extensively used, advertised, promoted, and offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through various channels of trade in commerce, including retail stores and online.  Accordingly, Salt

Life's customers and the public in general have come to know and recognize the Asserted SALT LIFE Trademarks and to associate the same with Salt Life and/or the goods or services sold by Salt Life.

67.     Salt Life and its predecessors have sold and offered for sale goods, including clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical scope encompassing all of Florida and throughout the United States.

68.     Salt Life's products are sold by or through more than 400 retailers in the State of Florida and in, at least, four (4) branded retail stores located in Florida.  Additionally, three restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD SHACK.

69.     The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and consumer recognition that Salt Life has established through substantial expenditures of time, effort and other resources in the advertising and promotion of the goods Salt Life sells and offers for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted SALT LIFE Trademarks.

70.     Defendant has used, advertised and promoted and/or continues to use, advertise, and promote goods or services, namely transportation services, clothing and accessories including hats, beach chairs and can coolers (identified by Defendant as "Salt Life Gear"), and food delivery (identified by Defendant as "Salt Life Eats"), under the names or designations "SALT LIFE" and "SALT LIFE TRANSPORTATION."

71.     Defendant has promoted and advertised its goods and services in channels of trade that are similar or identical to the channels of trade in which Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant utilizes the website www.saltlifetransportation.com,

19

the Facebook account "@saltlifetransportation" and the Instagram account

"@salt_life_transportation" to promote, sell and offer for sale Defendant's products or services.

72.    Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION" is likely to cause confusion or mistake among consumers as to the source or origin of the goods and services.

73.    Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION" is likely to cause confusion or mistake among consumers as to an affiliation between Defendant and/or its products or services and Salt Life's goods and services.

74.    Defendant's "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations are confusingly similar in sound, appearance, connotation, and overall commercial impression to the Asserted SALT LIFE Trademarks.  Indeed, Defendant has and continues to refer to itself as merely "Salt Life" or emphasize Plaintiff's SALT LIFE trademark and has utilized Plaintiff's trademark on its website and advertising to capitalize on the goodwill that exists in the Plaintiff's Asserted Trademarks, including as shown in Paragraphs 52, 55 and 56 which are incorporated here by reference.  Similarly, Defendant prominently displays and emphasizes Plaintiff's trademark and the words "SALT LIFE" on Defendant's website in such a manner that the same imitate or resemble Plaintiff's trademark.

75.    Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION" constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

76.    Salt Life has been damaged as a direct and proximate result of Defendant's false designation of origin associated with the Asserted Trademarks.

77.    Salt Life will continue to be damaged as a direct and proximate result of Defendant's false designation of origin associated with the Asserted SALT LIFE Trademarks

unless and until Defendant is enjoined from further depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION," including in connection with goods and services associated with the Asserted SALT LIFE Trademarks.

**THIRD CAUSE OF ACTION:  DILUTION**
**(15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151)**

78.     Salt Life is the owner of the Asserted SALT LIFE Trademarks identified hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-42 as if repeated here verbatim.

79.     Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have acquired distinctiveness through the long, continuous, and substantially exclusive use of the Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE Trademarks with a single source, namely Salt Life.

80.     The trademark and service mark SALT LIFE has been used nationally, including throughout the State of Florida, to promote goods to the consuming public and such use has occurred since as early as 2003.

81.     Salt Life's use of the SALT LIFE name and the Asserted SALT LIFE Trademarks, in word, stylized and logo form, has been substantially exclusive for more than a decade.

82.     Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant's designations "SALT LIFE" and "SALT LIFE TRANSPORTATION" as used in conjunction with various products and/or services, including goods or services that are confusingly similar to Salt Life's goods and services upon which or with which the Asserted SALT LIFE Trademarks have been used.

83.     Salt Life has generated tens of millions of dollars of revenue through the sale of

21

millions of products bearing the Asserted SALT LIFE Trademarks, including approximately one million t-shirts bearing the Asserted SALT LIFE Trademarks, to consumers across the United States and internationally.

84.     Salt Life and its predecessors have made substantial investment in advertising, marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE Trademarks.  Salt Life and its predecessors have extensively used, advertised, promoted, and offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through various channels of trade in commerce, including retail stores and online.  Accordingly, Salt Life's customers and the public in general have come to know and recognize the Asserted SALT LIFE Trademarks and to associate the same with Salt Life and/or the goods or services sold by Salt Life.

85.     Salt Life and its predecessors have sold and offered for sale goods, including clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical scope encompassing all of Florida and throughout the United States.

86.     Salt Life's products are sold by or through more than 400 retailers in the State of Florida and in, at least, four (4) branded retail stores located in Florida.  Additionally, three restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD SHACK.

87.     The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and consumer recognition that Salt Life has established through substantial expenditures of time, effort and other resources in the advertising and promotion of the goods Salt Life sells and offers for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted SALT LIFE Trademarks.

88.    Salt Life has invested millions of dollars to market the Asserted SALT LIFE Trademarks through print and internet advertising channels and the use of brand ambassadors throughout the United States.  On average Salt Life has invested in excess of one million dollars in each of the past three years to market the Asserted SALT LIFE Trademarks.

89.    Through its advertising, including its brand ambassadors, the Asserted SALT LIFE Trademarks have permeated the market and are known and recognized in a wide variety of industries, including fishing, surfing, diving, music, auto racing and wake surfing.

90.    Salt Life has spent hundreds of thousands of dollars, if not over a million, to register the Asserted SALT LIFE Trademarks nationally and to police against counterfeiting and other unauthorized uses of the Asserted SALT LIFE Trademarks.

91.    The consuming public recognizes the Asserted SALT LIFE Trademarks as identifiers of the source and quality of the goods bearing the Asserted SALT LIFE Trademarks.

92.    As a result of Salt Life's regular, extensive, and well-publicized use, as well as the above-mentioned advertising, marketing, promotion, and sales, the SALT LIFE name and the Asserted SALT LIFE trademarks, in word, stylized and logo form have become famous, including within the State of Florida, and are associated exclusively with Salt Life and its high-quality goods.  Indeed, the SALT LIFE name and mark, in word, stylized and logo form have become famous within the meaning of 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151 prior to any use of the "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations by Defendant.

93.    Defendant has used, advertised and promoted and/or continues to use, advertise, and promote goods or services, namely transportation services, clothing and accessories including hats, beach chairs and can coolers, and food delivery, under the names or designations

23

"SALT LIFE" and "SALT LIFE TRANSPORTATION."

94.    Defendant has promoted and advertised its goods and services in channels of trade that are similar or identical to the channels of trade in which Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant utilizes the website www.saltlifetransportation.com, the Facebook account "@saltlifetransportation" and the Instagram account "@salt_life_transportation" to promote, sell and offer for sale Defendant's products or services.

95.    Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION" is likely to cause confusion or mistake among consumers as to the source or origin of the goods and services.

96.    Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION" is likely to cause confusion or mistake among consumers as to an affiliation between Defendant and/or its products or services and Salt Life's goods and services.

97.    Defendant's "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations are confusingly similar in sound, appearance, connotation, and overall commercial impression to the Asserted SALT LIFE Trademarks.  Indeed, Defendant has and continues to refer to itself as merely "Salt Life" or emphasize Plaintiff's SALT LIFE trademark and has utilized Plaintiff's trademark on its website and advertising to capitalize on the goodwill that exists in the Plaintiff's Asserted Trademarks, including as shown in Paragraphs 52, 55 and 56 which are incorporated herein by reference.  Similarly, Defendant prominently displays and emphasizes Plaintiff's trademark and the words "SALT LIFE"  in certain advertising and on Defendant's website or social media in such a manner that the same imitate or resemble Plaintiff's trademark.

98.    Defendant's use of "SALT LIFE" and the "SALT LIFE TRANSPORTATION"

designations constitutes trademark infringement and false designation of origin as described herein above.  Such acts also constitute dilution of the SALT LIFE trademarks.

99.    The SALT LIFE name and marks, in word, stylized and logo form is famous and distinctive and is entitled to protection against dilution by blurring or tarnishment.

100.    By using the term "SALT LIFE" and the "SALT LIFE TRANSPORTATION" Defendant intended to create an association with the SALT LIFE name and mark.

101.    Defendant's "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations so resemble the Asserted SALT LIFE Trademarks that continued use of the "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations by Defendant will cause dilution of the distinctive qualities of the Asserted SALT LIFE Trademarks by blurring Salt Life's Asserted SALT LIFE Trademarks from association with a single source, namely Salt Life.  Such dilution will cause damage and injury to Salt Life and its goodwill in its Asserted SALT LIFE Trademarks.

102.    Defendant's "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations so resemble the Asserted SALT LIFE Trademarks that continued use by Defendant will cause dilution of the distinctive qualities of the Asserted SALT LIFE Trademarks by tarnishing the goodwill associated with Salt Life's Asserted SALT LIFE Trademarks and the good name of Salt Life.  Such dilution will cause damage and injury to Salt Life and its goodwill in its Asserted SALT LIFE Trademarks.

103.    Defendant's use of the "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations will cause blurring in the minds of consumers between Salt Life and Defendant, thereby lessening the value of the Asserted SALT LIFE Trademarks, as unique identifiers of Salt Life's products.

104.     Defendant's use of the "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations in connection with Defendant's business is also likely to tarnish the Asserted SALT LIFE Trademarks because, *inter alia*, the subject matter of Defendant's services will harm the reputation of the Asserted SALT LIFE Trademarks by portraying the Asserted SALT LIFE Trademarks in an unfavorable context with clothing and accessories which are of lesser quality than those of Salt Life.

105.     Defendant's use of the "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations will result in the public associating a lack of prestige with Plaintiff's goods and will thereby lessen the value of the Asserted SALT LIFE Trademarks, as unique identifiers of Salt Life's products and is likely to evoke negative and/or unflattering thoughts of Plaintiff's products and the Asserted SALT LIFE Trademarks in the minds of consumers.

106.     On information and belief, Defendant was aware of the Asserted SALT LIFE Trademarks prior to any use of "SALT LIFE" and the "SALT LIFE TRANSPORTATION" designation and, as such, the actions of Defendant described above were and continue to be deliberate and willful. Salt Life is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of products or services including or under the "SALT LIFE" mark and/or the "SALT LIFE TRANSPORTATION" designation, and the costs of this action pursuant to 15 U.S.C. § 1117.  Salt Life is therefore also entitled to injunctive relief pursuant to 15 U.S.C. § 1116, 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151.

## FOURTH CAUSE OF ACTION: CANCELLATION OF FLORIDA TRADEMARK REGISTRATION NO.: T19000000984

107.     Salt Life is the owner of the Asserted SALT LIFE Trademarks identified hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-42 as if repeated here verbatim.

108.    Defendant is the owner of Florida Trademark Registration No. T19000000984 (the " '984 Registration") for the designation SALT LIFE TRANSPORTATION, for the following services in Class 39: transport; packaging and storage of goods; and travel arrangements.

109.    The application for the '984 Registration was filed on August 15, 2019 with the Florida Division of Corporations.

110.    In the application for the '984 Registration, Defendant confirmed that its first and earliest use of the designation SALT LIFE TRANSPORTATION was in August 28, 2018, long after Plaintiff's use of its SALT LIFE Trademarks.

111.    Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant's filing of the application resulting in the '984 Registration.

112.    Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant's designations "SALT LIFE" and "SALT LIFE TRANSPORTATION" as used in conjunction with various products and/or services, including goods or services that are confusingly similar to Salt Life's goods and services upon which or with which the Asserted SALT LIFE Trademarks have been used.

113.    Defendant does not own a concurrent registration of the designation SALT LIFE TRANSPORTATION in the United Stated Patent and Trademark Office covering an area including Florida.

114.    Defendant's depiction of SALT LIFE TRANSPORTATION is likely to cause confusion or mistake among consumers as to the source or origin of its goods and services, including as detailed in paragraphs 43-60 which are incorporated here by reference.

115.    Defendant's depiction of SALT LIFE TRANSPORTATION is likely to cause

27

confusion or mistake among consumers as to an affiliation between Defendant's products or services and Salt Life's goods and services.

116.    Defendant's SALT LIFE TRANSPORTATION designation is confusingly similar in sound, appearance, connotation, and overall commercial impression to the Asserted SALT LIFE Trademarks.

117.    Defendant's SALT LIFE TRANSPORTATION designation so resembles the Asserted SALT LIFE Trademarks that continued registration and use of the SALT LIFE TRANSPORTATION designation will cause dilution of the distinctive qualities of the Asserted SALT LIFE Trademarks by blurring Salt Life's Asserted SALT LIFE Trademarks from association with a single source, namely Salt Life.  Such dilution will cause damage and injury to Salt Life and its goodwill in its Asserted SALT LIFE Trademarks.

118.    Defendant's use of the SALT LIFE TRANSPORTATION designation is also likely to cause blurring in the minds of consumers between Salt Life and Defendant, thereby lessening the value of the Asserted SALT LIFE Trademarks, as unique identifiers of Salt Life's products.

119.    Salt Life has been damaged as a direct and proximate result of Defendant's depiction of SALT LIFE TRANSPORTATION in connection with goods and services associated with the Asserted SALT LIFE Trademarks.

120.    For these reasons, the '984 Registration must be cancelled pursuant to Fla. Stat. Ann. § 495.101.

## REQUEST FOR RELIEF

Wherefore, Salt Life respectfully requests the entry of judgment against Defendant providing the following relief:

(A)    ordering that Salt Life is the exclusive owner of the Asserted SALT LIFE Trademarks and that said trademarks are valid;

(B)    finding that Defendant has infringed Salt Life's Asserted SALT LIFE Trademarks under 15 U.S.C. § 1114 and the common law;

(C)    finding that Defendant has violated 15 U.S.C. § 1125(a);

(D)    finding that Defendant has violated 15 U.S.C. § 1125(c);

(E)    finding that Defendant's '984 Registration must be cancelled pursuant to Fla. Stat. Ann. § 495.101;

(F)    finding that Plaintiff's marks are famous under Fla. Stat. Ann. § 495.151 and Defendant has engaged in acts of dilution;

(G)    enjoining, both preliminarily and permanently, Defendant from any further depiction of the "SALT LIFE" and "SALT LIFE TRANSPORTATION" designations;

(H)    ordering Defendant to deliver to Salt Life for destruction all advertisements, materials, and products that include Defendant's depiction of "SALT LIFE" and "SALT LIFE TRANSPORTATION;"

(I)    awarding Salt Life any profits obtained by Defendant associated with the acts described herein;

(J)    awarding Salt Life damages caused by Defendant's acts described herein;

(K)    trebling any damages awarded to Salt Life pursuant to 15 U.S.C. § 1117;

(L)    awarding Salt Life costs, expenses, and reasonable attorneys' fees as permitted by

15 U.S.C. § 1117;

    (M)    awarding Salt Life pre-judgment interest; and

    (N)    granting such other and further relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Salt Life demands a trial by jury on all issues so triable.

LAW OFFICE OF JAMES MATULIS

By: /s/ James Matulis
James M. Matulis
Florida Bar No. 0077429
217 North Lois Avenue
Tampa, FL 33609-2232
Phone: (813) 451-7347
Jim@Matulis-Law.com

And

Tim F. Williams (pro hac vice forthcoming)
Jason A. Pittman (pro hac vice forthcoming)
Dority & Manning, P.A.
P. O. Box 1449
Greenville, SC 29602-1449
(864) 271-1592
(864) 233-7342 (facsimile)
timw@dority-manning.com
jpittman@dority-manning.com

*Attorneys for Plaintiff Salt Life, LLC*