UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALT LIFE, LLC,

    Plaintiff,

v.                                          Case No: 2:20-cv-590-JLB-NPM

SALT LIFE TRANSPORTATION, LLC and
DONALD BISHOP,

    Defendants.

## ORDER

Plaintiff, Salt Life, LLC ("Salt Life") owns several federally registered trademarks that it uses to promote and sell goods, like clothing and accessories, along with its restaurant and bar services. (Doc. 22 at ¶¶ 17–50.) Its Amended Complaint alleges that Defendants Salt Life Transportation, LLC ("SLT") and its owner, Donald Bishop, infringed Salt Life's marks when they used them for their own products and services.

Mr. Bishop, proceeding *pro se*, moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 28-1.) He principally argues that Salt Life cannot plausibly allege that SLT's and his actions caused consumer confusion—a necessary element of an infringement claim. (Id.) After careful review of Mr. Bishop's motion, the Court agrees with Salt Life that Mr. Bishop has not met his burden for dismissal under Rule 12(b)(6). (Doc. 32.) Accordingly, the motion to dismiss (Doc. 28-1) is **DENIED**.

## BACKGROUND[1]

Salt Life uses its marks—stylized versions of the phrase "Salt Life"—in connection with different goods and services. For its part, SLT was a Florida company, now dissolved, that provided transportation services in Collier County, Florida. (Doc. 22 at 17–18.) Mr. Bishop was SLT's sole owner and operator. (Id. at ¶ 3; Doc. 28-1 at 2.) After SLT's dissolution, he continued conducting business in a substantially similar manner as SLT, but solely in his individual capacity. (Doc. 22 at ¶¶ 3, 7–10.) SLT also sold "clothing and accessories including hats, beach chairs and can coolers" under the name "Salt Life Gear" and operated a food delivery service under the name "Salt Life Eats." (Id. at ¶¶ 60, 62, 141.) SLT and Mr. Bishop also used the designation "Salt Life Airport Taxi." (Id. at ¶ 141.) SLT had a state-registered service mark of "Salt Life Transportation" for use with transport, packaging and storage of goods, and travel arrangements. (Id. at ¶ 117.)

Salt Life claims that SLT and Mr. Bishop's use of marks containing "Salt Life" and "Salt Life Transportation" constitutes trademark infringement under the Lanham Act and Florida law. Salt Life also brings claims for false designation of

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

origin, dilution, and seeks to hold Mr. Bishop contributorily and vicariously liable for SLT's actions.[2]

## DISCUSSION

As an initial matter, the Court notes that Mr. Bishop is proceeding without the benefit of counsel. As such, the Court has construed his motion more liberally than one an attorney drafted. See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (citing Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). Even so, Mr. Bishop must still adhere to the Federal Rules of Civil Procedure and the Local Rules of this Court. McNeil v. United States, 508 U.S. 106, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). The Court may not therefore act as his de facto counsel, rewriting his motion to dismiss to meet his burden for him, where his arguments may fall short. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 566 U.S. 662 (2009).

Other than a few legal citations mainly reciting the boilerplate standards for a Rule 12(b)(6) motion, Mr. Bishop's four-page filing (see Doc. 28-1) lacks any meaningful "legal memorandum supporting" his position that Salt Life has not plausibly alleged an infringement claim under federal or state law. M.D. Fla. Local Rule 3.01(a).

---

[2] SLT has not appeared in this matter and is currently in default. (Doc. 19.) The Court therefore struck the motion to dismiss as much as Mr. Bishop filed it on behalf of SLT because, as a corporate entity, SLT may appear and be heard only through licensed counsel. (Doc. 34.) Thus, any discussion about SLT's actions are appropriately within the context of Mr. Bishop as its sole owner and operator.

Stated differently, even the most liberal construction of Mr. Bishop's arguments does not warrant dismissal. First, Mr. Bishop implies that SLT's "properly filed service mark with the Florida Department of State" shields SLT and himself from liability. (Doc. 28-1 at 2.) It does not. Count Four of the Amended Complaint seeks to cancel SLT's state registration, alleging that Salt Life enjoys priority of use in all respects as to the "Salt Life" and "Salt Life Transportation" marks. (Doc. 22 at 30–32.) Second, Mr. Bishop maintains that neither he nor SLT derived any compensation from the allegedly infringing products that the Amended Complaint identifies because they "only ever gave away [those] items," ostensibly for free. (Doc. 28-1 at 2.) But again, the Amended Complaint specifically alleges that SLT and Mr. Bishop <u>sold</u> the infringing goods and even includes a screenshot of an Instagram post in which SLT is selling a "Salt Life" beach chair for $45. (Doc. 22 at 36.) Not only must the Court accept Salt Life's well-pleaded allegations as true in evaluating a motion to dismiss under Rule 12(b)(6), but SLT also "admits [Salt Life's] well-pleaded allegations of fact" considering its default. See <u>Giovanno v. Fabec</u>, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting <u>Lary v. Trinity Physician Fin. & Ins. Servs.</u>, 780 F.3d 1101, 1106 (11th Cir. 2015)). Thus, neither argument is grounds for dismissal.

Lastly, Mr. Bishop argues that "it is simply **not plausible**" that SLT and Mr. Bishop infringed Salt Life's marks because Salt Life does not provide transportation services of any kind, let alone in the Collier County area. (Doc. 28-1 at 3 (emphasis in original).) Mr. Bishop maintains that given the different services that the

parties provide, and the size difference between the two companies, "[t]here is and can be no confusion with Defendants' use of its duly registered service mark" among the purchasing public. (Id.) Ignoring the inapplicability of this argument to the physical goods and food service activities that both parties provide, Salt Life has sufficiently pleaded its infringement claim and, more specifically, a consumer confusion theory.

Salt Life must allege, among other things, that SLT and Mr. Bishop used its marks "in a manner likely to confuse consumers." N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1218 (11th Cir. 2008) (setting forth elements of trademark infringement under 15 U.S.C. § 1114(1)(a) (2006)); see also Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1241 (11th Cir. 2007) (a plaintiff must show "the unauthorized use was likely to cause confusion, or to cause mistake or to deceive"). The Eleventh Circuit has identified seven factors in determining "whether a likelihood of confusion exists between two marks." Savannah Coll. of Art & Design, Inc. v. Sportswear, Inc., 983 F.3d 1273, 1280–81 (11th Cir. 2020). Of these, the "similarity between the goods and services offered under the two marks" is but one. Id.

Importantly, the test is "whether the [services] are the kind that the public attributes to a single source, not whether or not the purchasing public can readily distinguish between the [services] of the respective parties." Frehling Enters., Inc. v. Int'l Select Grp., Inc., 192 F.3d 1330, 1338 (11th Cir. 1999) (citation omitted). Thus, even though one aspect of Mr. Bishop and SLT's businesses may differ from

one aspect of Salt Life's, that point alone is not dispositive.  See, e.g., FCOA, LLC v. Foremost Title & Escrow Servs., LLC, 416 F. Supp. 3d 1381, 1391 (S.D. Fla. Aug. 1, 2019) ("Although these [services] are different and [the parties] are not competitors, reasonable consumers could conclude both companies' [services] are attributable to a single source.").

Salt Life has alleged numerous facts, which the Court must take as true at this stage of the litigation, able to support a finding that a consumer reasonably attributed SLT and Mr. Bishop's "Salt Life Gear," "Salt Life Taxi," and "Salt Life Eats" goods and services to Salt Life.  (See, e.g., Doc. 22 at ¶¶ 53, 63–66, 124–125.) Put differently, Salt Life has sufficiently alleged that SLT and Mr. Bishop used its marks "in a manner likely to confuse consumers."  And because Mr. Bishop raises no other arguments about Salt Life's remaining claims, his motion to dismiss (Doc. 28-1) is **DENIED**.  Mr. Bishop is **DIRECTED** to answer the Amended Complaint (Doc. 22) **on or before July 13, 2021**.

**ORDERED** at Fort Myers, Florida, on June 22, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE