UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SALT LIFE, LLC**,

    Plaintiff,

v.   2:20-cv-590-JLB-NPM

**SALT LIFE TRANSPORTATION, LLC** and
**DONALD BISHOP**,

    Defendants.

---

**ORDER**

In this trademark infringement action, the court granted plaintiff Salt Life, LLC default judgment on all counts except counts 8 through 13. (Doc. 72). Now, Salt Life seeks an order granting it entitlement to attorney's fees.[1] As statutory authority for its request, Salt Life cites to the Lanham Act, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Since Salt Life succeeded on all of its non-duplicative claims, it is the prevailing party. So the remaining inquiry is whether this case is "exceptional."

"[T]o be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the

---

[1] As for an award of costs, Salt Life need only file a bill of costs for taxation by the clerk.

manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018). In other words, an exceptional case is one that is "not run-of-the-mill." *Id.* at 1119 (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). "There is no precise rule or formula for making these determinations, and courts have broad discretion in finding what constitutes an 'exceptional case.'" *RedBox+ Int'l, LLC v. Waste Mgmt. Sols., Inc.*, No. 8:23-cv-393-CEH-SPF, 2023 WL 8438571, *9 (M.D. Fla. Oct. 5, 2023*), report and recommendation adopted*, 2023 WL 8438920 (Dec. 5, 2023) (citing *Octane Fitness*, 572 U.S. at 554). Ultimately, courts consider the totality of the circumstances. *Red Box*, 2023 WL 8438571, at *9.

This case is certainly not "run-of-the-mill." Defendants gave Salt Life the run-around from this case's inception. The return of service indicates that, upon service, Bishop admitted he had been anticipating service on his company (Doc. 26-1), which the court found indicative of Bishop's willful infringement. *See Carnival Corp. v. McCall*, No. 18-24588-CIV, 2020 WL 6788102, at *9 (S.D. Fla. Sept. 8, 2020), *report and recommendation adopted*, 2020 WL 6781781 (Nov. 18, 2020) ("A case may be exceptional where the infringement was willful."). Then, corporate-defendant Salt Life Transportation, LLC filed a motion to dismiss, despite not being represented by counsel. (Doc. 28). And after Bishop's motion to dismiss was denied, he never appeared in this matter again, despite multiple court orders requiring him

to do so. *See RedBox*, 2023 WL 8438571, at *9 ("A case may be deemed 'exceptional' and merit an award of attorney's fees when the defendant disregards legal proceedings and does not appear.").

If the defendants had elected a normal course of action in this case, nothing about it would be unusual. They chose otherwise. So, the case is "exceptional" within the meaning of the fee-shifting provision of the Lanham Act. Accordingly, Salt Life's motion for entitlement to attorney's fees (Doc. 77) is **granted.**

**ORDERED** on January 29, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge